**26SL-CC01508**

Electronically Filed - ST LOUIS COUNTY - February 05, 2026 - 01:05 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PERRY FURGASON and<br>RAYMOND FURGASON, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) |
| UNITED STATES OF AMERICA, ON BEHALF<br>OF ITS AGENCY, THE U.S. ARMY CORPS OF<br>ENGINEERS, | ) <br> ) <br> ) <br> ) |
| **Serve: U.S. Attorney Thomas C. Albus**<br>**Thomas Eagleton U.S. Courthouse**<br>**111 S. 10th Street, 20th Floor**<br>**St. Louis, Missouri 63102** | ) <br> ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

**PETITION**

COME NOW Plaintiff Perry Furgason and Plaintiff Raymond Furgason ("Plaintiffs"), by

and through counsel, and allege as follows:

1.      Plaintiffs reside in Jefferson County, Missouri.

2.      Defendant United States of America ("Defendant") acts on behalf of its agency, the

U. S. Army Corps of Engineers ("USACE").

3.      Upon information and belief, as of September 6, 2002, William E. Hecht, Junior

("William"), and Laura Hecht ("Laura") were married to each other as husband and wife,

respectively.

4.      On or about September 6, 2022, William and Laura acquired title to multiple parcels

of real estate, including the following parcel (hereinafter "Original Lot A"):

> **LOT A OF SURREY HILL ESTATES PLAT 2, A
> SUBDIVISION IN ST. LOUIS COUNTY, MISSOURI,
> ACCORDING TO THE PLAT THEREOF RECORDED IN**

Electronically Filed - ST LOUIS COUNTY - February 05, 2026 - 01:05 PM

**PLAT BOOK 120, PAGES 56 AND 57 OF THE ST. LOUIS COUNTY RECORDS**

5. William and Laura acquired title to Original Lot A via a General Warranty Deed ("the Hecht Vesting Deed").

6. The Hecht Vesting Deed identified and referred to William and Laura as "husband and wife."

7. On November 12, 2002, St. Louis County, Missouri's Recorder of Deeds ("Recorder") recorded the Hecht Vesting Deed at Book 14302, Page 3072.

8. Exhibit 1 hereto is a true and correct certified copy of the Hecht Vesting Deed.

9. As of November 12, 2002, William and Laura owned record title to Original Lot A as tenants by the entireties.

10. Upon information and belief, between November 12, 2002, and September 22, 2005, William and Laura remained married to one another.

11. As of September 22, 2005, William and Laura continued to own record title to Original Lot A as tenants by the entireties.

12. As of September 22, 2005, William and Laura each lacked the authority and ability to unilaterally convey or grant any interest in Original Lot A.

13. On September 22, 2005, someone filed with Recorder a document titled "Declaration of Covenants and Restrictions" ("the Declaration"), which Recorder recorded at Book 16803, Page 1846.

14. Exhibit 2 hereto is a true and correct copy of the Declaration.

15. The Declaration purported to impose various restrictions against a portion of Original Lot A, which restrictions purportedly benefited USA, and which USACE would oversee.

16. The Declaration referred to one declarant: "Bill Hecht."

Electronically Filed - ST LOUIS COUNTY - February 05, 2026 - 01:05 PM

17.    The Declaration stated that "Bill Hecht" owned Original Lot A.

18.    The Declaration did not reference Laura.

19.    The Declaration purported to contain William's signature.

20.    The Declaration did not contain any signature purporting to be Laura's.

21.    The Declaration lacks validity because (a) it did not identify Laura as a declarant or grantor; and (b) Laura did not sign it.

22.    The Declaration contained a metes and bounds legal description that does not close.

23.    The Declaration lacks validity because it did not identify any specific realty with reasonable or sufficient specificity.

24.    The Declaration never encumbered any portion of Original Lot A.

25.    On April 23, 2012, William and Laura conveyed Original Lot A, together with other realty, to Mattis Meadows, LLC ("Mattis"), via a General Warranty Deed ("the Hecht – Mattis Deed").

26.    The Hecht – Mattis Deed identified William and Laura as each other's spouse.

27.    On April 24, 2012, Recorder recorded the Hecht – Mattis Deed at Book 19959, Page 1229.

28.    Exhibit 3 hereto is a true and correct certified copy of the Hecht – Mattis Deed.

29.    Mattis acquired title to Original Lot A free and clear of the Declaration, which never attached to or encumbered any portion of Original Lot A.

30.    On or about August 27, 2021, Mattis created the following parcel pursuant via re-platting efforts (hereinafter "Adjusted Lot A"):

**ADJUSTED LOT A OF THE SURREY HILL ESTATES PLAT TWO, LOT A AND ASSUMPTION VALLEY SECTION 3, LOT 24 BOUNDARY ADJUSTMENT PLAT, ACCORDING TO**

Electronically Filed - ST LOUIS COUNTY - February 05, 2026 - 01:05 PM

**THE PLAT RECORDED IN PLAT BOOK 369, PAGE 378 AND 379 OF ST. LOUIS COUNTY, MISSOURI, RECORDS.**

31.     Adjusted Lot A consists of (a) Original Lot A; and (b) a portion of land that was originally platted as Lot 24 of the Assumption Valley subdivision, which portion of land connects Original Lot A to Du Bourg Lane.

32.     Adjusted Lot A is commonly known as 4513 Du Bourg Lane, St. Louis, Missouri, 63128.

33.     Adjusted Lot A's tax identification number is 29L640600.

34.     On October 25, 2022, Plaintiffs acquired title to Adjusted Lot A via a General Warranty Deed ("the Mattis – Furgason Deed").

35.     On October 26, 2022, Recorder recorded the Mattis – Furgason Deed as Document No. 2022102600425.

36.     Exhibit 4 hereto is a true and correct copy of the Mattis – Furgason Deed.

37.     Plaintiffs acquired title to Adjusted Lot A free and clear of the Declaration, which never attached to or encumbered any portion of Original Lot A.

38.     The Declaration never attached to or encumbered any portion of Original Lot A.

39.     Upon information and belief, USA, via USACE, nonetheless claims (a) that the Declaration encumbers some portion of Adjusted Lot A; or (b) some right, title, or interest in Adjusted Lot A via the Declaration.

40.     Plaintiffs seek an adjudication of the parties' respective rights, titles, and interests in Adjusted Lot A, which adjudication Section 527.150, R.S.Mo., authorizes this Court to make.

41.     USA is subject to this Court's personal jurisdiction.

42.     This Court has subject matter jurisdiction over Plaintiffs' claim.

43.     Venue in this Circuit is appropriate.

Electronically Filed - ST LOUIS COUNTY - February 05, 2026 - 01:05 PM

44.    Plaintiffs hereby adopt and incorporate by reference each of the aforementioned Exhibits as if Plaintiffs had fully restated them herein.

WHEREFORE, Plaintiffs pray this Court for Judgment in their favor and against USA on their Petition, for an adjudication of the parties' respective rights, titles, and interests in Adjusted Lot A, and for a written Judgment that (a) declares, decrees, and adjudges that the Declaration does not encumber Adjusted Lot A; (b) quiets title to free and clear of any right, title, or interest that USA and/or USACE may have ever owned or claimed under the Declaration; (c) awards Plaintiffs their fees and costs incurred herein; and (d) grants such other and further relief that this Court deems just and proper.

Respectfully submitted,

EVANS & DIXON, LLC

*/s/ Shawn T. Briner*
Shawn T. Briner, #47286
424 S. Woods Mill Road, Suite 330
Chesterfield, Missouri 63017
Telephone: (314) 478-7227
Facsimile: (314) 884-4460
sbriner@evans-dixon.com
*Attorneys for Plaintiffs*

## Rule 55.03(a) Certification

The undersigned certifies that he affixed his electronic signature to the original copy of this pleading.

*/s/ Shawn T. Briner*